UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD W. ROSE, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Civil Action No. 18-cv-2199 (TSC) <br> ) |
| U.S. DEPARTMENT OF JUSTICE, | ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, challenges the alleged refusal of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") to expedite his request for documents under the Freedom of Information Act ("FOIA"). The Department of Justice, of which ATF is a component, has moved for summary judgment under Federal Rule of Civil Procedure 56, ECF No. 10. For the reasons explained below, the motion will be GRANTED.

**I. BACKGROUND**

Plaintiff alleges that in letters to ATF dated May 28, 2018, and June 27, 2018, he requested the release of "all firearms trace summary reports as well as aggregated information obtained from trace summary reports on a Smith & Wesson, 357 Model 27, Revolver, Serial No." S269365." Compl. for Declaratory and Injunctive Relief ¶ 10 (citing Attach. A). Plaintiff included "a time frame of (2) working days for ATF to answer," *id*. ¶ 11, but he did not formally request expedited processing. *See* 28 C.F.R.

1

§ 16.5(e)(3) ("A requester who seeks expedited processing must submit a statement, certified to be true and correct, explaining in detail the basis for making the request for expedited processing."). In the complaint dated September 18, 2018, Plaintiff states: "To date, defendants have not responded to plaintiff's request for expedited processing of its FOIA request." Compl. ¶ 14.

In response to this lawsuit, ATF's Disclosure Division searched its databases first to determine if Plaintiff had submitted a FOIA request, but located no such request. Consequently, DOJ contends that it is entitled to judgment as a matter of law. Plaintiff has opposed the motion, ECF No. 14, and Defendant has replied, ECF No. 17.

**II. LEGAL STANDARD**

Summary judgment is appropriate where the record shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). "FOIA cases typically and appropriately are decided on motions for summary judgment." *Georgacarakos v. FBI*, 908 F. Supp. 2d 176, 180 (D.D.C. 2012) (citation omitted).

"FOIA provides a 'statutory right of public access to documents and records' held by federal government agencies." *Citizens for Responsibility & Ethics in Washington v. DOJ*, 602 F. Supp. 2d 121, 123 (D.D.C. 2009) (quoting *Pratt v. Webster*, 673 F.2d 408, 413 (D.C. Cir. 1982)). FOIA requires that federal agencies comply with requests to make their records available to the public, unless such "information is exempted under [one of nine] clearly delineated statutory language." *Id*. (internal quotation marks omitted); *see also* 5 U.S.C. § 552(a), (b). Upon

complaint, a plaintiff prevails "only if he has demonstrated that an agency has (1) improperly (2) withheld (3) agency records." *Johnson v. United States*, 239 F. Supp. 3d 38, 44 (D.D.C. 2017) (citation and internal quotation marks omitted).

In deciding whether an agency has fulfilled its obligations under FOIA, "the court shall determine the matter *de novo* . . . and the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B). The court may rely solely on information provided in an agency's supporting affidavits or declarations if they are relatively detailed and "are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). "To successfully challenge an agency's showing that it complied with the FOIA," the plaintiff "must come forward with 'specific facts' demonstrating that there is a genuine issue with respect to whether the agency has improperly withheld extant agency records." *Span v. U.S. Dep't of Justice*, 696 F. Supp. 2d 113, 119 (D.D.C. 2010) (quoting *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989)).

### III. ANALYSIS

An agency is generally required to disclose only those records that are in its custody and control at the time of the FOIA request, *McGehee v. Central Intelligence Agency*, 697 F.2d 1095, 1110 (D.C. Cir. 1983), and only upon receiving a "request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed[.]" 5 U.S.C. § 552(a)(3)(A). But if the agency receives no FOIA request, or one that does not comply with its published rules, it "has no reason to search or

produce records[.]" *Johnson*, 239 F. Supp. 3d at 44 (citation and internal quotation marks omitted).

Defendant's declarant, Chief of ATF's Disclosure Division, explains that the Disclosure Division "learn[ed] about this lawsuit" in early November 2018, upon notification from ATF's Office of Chief Counsel. Decl. of Adam C. Siple ¶¶ 5-6, ECF No. 10-2. Thereafter, staff at the Disclosure Division, utilizing Plaintiff's name and prison register number, searched "its electronic FOIA databases to determine if the alleged FOIA requests [dated May 28, 2018, and June 27, 2018] were received by our office." Siple Decl. ¶¶ 6-7. The searched databases "track incoming [FOIA] requests, consultations, and referrals received by ATF from the time period covering fiscal year 2014 to the present." *Id*. ¶ 6. The search located no request from Plaintiff. *Id*. ¶ 7.

Both the initial and follow-up requests were addressed to ATF's National Tracing Center ("NTC") in West Virginia, albeit at different addresses. *See* Def.'s Stmt. of Material Facts ¶ 4, ECF No. 10-1. Therefore, the Disclosure Division staff also asked "NTC personnel . . . whether the NTC had received any FOIA requests from Mr. Rose." Siple Decl. ¶ 9. "NTC had no record of receiving any [such] requests . . . or of forwarding any such FOIA request to ATF headquarters." *Id*. In addition, NTC staff "confirmed" that the facility in Falling Waters, West Virginia, where Plaintiff addressed the initial request, "has not been at that location for approximately the last ten years." *Id*.

Plaintiff has proffered nothing to rebut ATF's evidence of nonreceipt of the two FOIA requests identified in and attached to the complaint. Plaintiff contends instead "that his initial FOIA request was made in October 2009" and was denied by ATF in

4

2010 "because the situation was a[n] on-going investigation[.]" Pl.'s Resp. at 1. Plaintiff posits that ATF should have expanded its search to include "fiscal years 2009 and 2010." *Id*. at 3. But the complaint does not mention any other FOIA requests, much less one from 2009, and it is "well settled law that a plaintiff cannot amend his . . . complaint by the briefs in opposition to a motion to dismiss." *Kingman Park Civic Ass'n v. Gray*, 27 F. Supp. 3d 142, 160 n.7 (D.D.C. 2014) (citing cases); *see Manna v. U.S. Dep't of Justice*, 106 F. Supp. 3d 16, 19 (D.D.C. 2015) (noting that "Plaintiff never moved to amend his complaint to add claims based on other [FOIA] requests, and he cannot expand the scope of this litigation by merely referring to other requests in his opposition to Defendants' motion"); *see also Detar v. United States Gov't*, 174 F. Supp. 3d 566, 571 (D.D.C. 2016) (a plaintiff "must plead sufficient factual content so as to provide Defendants with 'fair notice of the claim being asserted' . . . .") (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)). Therefore, the court agrees that Defendant has no obligation to fulfill under the FOIA and is entitled to judgment as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment will be GRANTED. A corresponding order will issue separately.

Date: April 15, 2019

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge